IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bret Adams,

    Plaintiff,

v.

Jonathan Coughlan, et al.,

    Defendants.

Case No: 2:14-cv-41

Judge Graham

Magistrate Judge Kemp

<u>Opinion and Order</u>

Plaintiff Bret Adams, an Ohio attorney, brings this action under 42 U.S.C. § 1983 against defendants Jonathan Coughlan and Lori Brown for their actions on behalf of the Supreme Court of Ohio's Office of Disciplinary Counsel in investigating a grievance against Adams. Defendants have moved to dismiss the complaint, and for the reasons stated below the court grants their motions.

**I.  Background**

The complaint alleges that in June 2011 attorney Jay Dingledy sent a 16-page letter to the Office of Disciplinary Counsel reporting what Dingledy viewed as serious and extensive incidents of misconduct by Adams. Dingledy believed that the incidents showed that Adams had: engaged in business transactions with clients and acquired property adverse to his clients' interests; improperly communicated with represented parties; used a disciplinary process to gain an advantage in civil lawsuit; violated counsel's duty of candor; and engaged in conflicts of interest. <u>See</u> Compl., Ex. A.

Disciplinary Counsel Jonathan Coughlan assigned the grievance to Assistant Disciplinary Counsel Lori Brown for investigation. According to the complaint, Adams submitted materials responsive to the allegations made by Dingledy, including presenting an affidavit from a client who stated that he had waived any conflict of interest. <u>See</u> Compl., Ex. B.

The complaint alleges that Adams received an email in December 2011 from opposing counsel in an unrelated matter. The email made reference to the existence of an investigation into Adams by the Disciplinary Counsel. <u>See</u> Compl., Ex. C. Plaintiff alleges that at no time did he request public notification of the grievance, nor did he waive confidentiality.

On April 25, 2013, Coughlan issued a letter to Dingledy stating that Disciplinary Counsel "have elected to forego the filing of formal disciplinary charges" against Adams. See Compl., Ex. E. In elaborating on Disciplinary Counsel's decision, Coughlan stated that Adams's conduct did "warrant[] our concern" and "towed the line of unethical conduct and reflected poorly upon his professional judgment." Id. The letter also stated that Adams engaged in "suspect" conduct that could be viewed as "unprofessional." Id.

The complaint asserts § 1983 claims for malicious prosecution and defamation, as well as state law claims for abuse of process and defamation.

## II. Motion to Dismiss Standard of Review

Defendants have moved to dismiss the claims against them under Rule 12(b)(6). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678. A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3.

## III. Discussion

### A. Section 1983 Malicious Prosecution

The complaint alleges that the investigation conducted by Disciplinary Counsel constituted a violation of § 1983's prohibition against malicious prosecution. Adams, though conceding that probable cause existed to investigate the grievance, see Doc. 12, p. 7, alleges that the investigation became malicious when Disciplinary Counsel continued to investigate even after the one-year limit for such investigations had expired. See Ohio Gov. Bar R. V § 9(D)(2). But see id., § 9(D)(3) (time limits not jurisdictional).

Defendants correctly argue that the § 1983 malicious prosecution claim fails for the fundamental reason that such a cause of action is confined to the context of criminal proceedings. The Sixth Circuit has held:

> Where we have recognized a possible section 1983 claim, the circumstances have uniformly involved situations of arrest, incarceration, or charges of violation of non-traffic laws. . . .  Also, the courts that have recognized that malicious prosecution may support a section 1983 claim are virtually unanimous in holding that constitutional protection exists only with respect to criminal proceedings and not to civil proceedings. . . .
>
> In the past, we have declined to recognize a section 1983 claim analogous to malicious prosecution where the plaintiff was never in danger of imprisonment. . . . Neither the Fourteenth Amendment nor 1983 were designed to redress all injuries incurred by reason of unfounded or malicious claims brought in state court actions.

McMaster v. Cabinet for Human Resources, 824 F.2d 518, 522-23 (6th Cir. 1987) (internal citations and quotation marks omitted).

Plaintiff's response to the McMaster decision is inapposite.  He cites the Sixth Circuit's statement of the elements of a common law claim for malicious prosecution.  See Todd v. Weltman, Winberg & Reis Co., L.P.A., 434 F.3d 432, 445 (6th Cir. 2006).  However, in order to constitute a violation of § 1983, the proceeding must be in the nature of a criminal one.  See Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010) (requiring a criminal prosecution).

**B.     Section 1983 Defamation**

The complaint alleges that Adams was defamed by the statements made in Coughlan's April 25, 2013 letter decision and by the disclosure of the fact that the Disciplinary Counsel was investigating him.  A plaintiff asserting a § 1983 defamation claim must, in addition to proving the traditional elements of a defamation claim, show "[s]ome alteration of a right or status 'previously recognized by state law,' such as employment."  Quinn v. Shirey, 293 F.3d 315, 319 (6th Cir. 2002) (quoting Paul v. Davis, 424 U.S. 693, 711-12 (1976)).

Defendants correctly argue that the statements made in the letter decision are not actionable because they are privileged and are expressions of opinion.  "A publication is privileged when it is 'fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs, in matters where his interest is concerned.'"  Ruble v. Escola, 898 F.Supp.2d 956, 985-86 (N.D. Ohio 2012) (quoting Hahn v. Kotten, 43 Ohio St.2d 237, 331 N.E.2d 713, 718 (1975)).  The Rules for the Government of the Bar of Ohio require Disciplinary Counsel to notify a grievant if Counsel decides not to file a complaint and to provide "a statement of the

3

reasons" underlying Counsel's determination. See Ohio Gov. Bar R. V § 10(C). As a matter of law, Disciplinary Counsel's statements were privileged because they were fairly made in the discharge of his duty to provide a statement of reasons. Counsel's statements explained why Adams's conduct created a close case and served as a basis for at least giving caution to Adams.

Further, Counsel's statements were expressions of opinion. "[A] statement of opinion cannot provide the basis for a claim of defamation." Conway v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, 209 F.Supp.2d 731, 754 (N.D. Ohio 2002) (citing Scott v. News–Herald, 25 Ohio St.3d 243, 496 N.E.2d 699, 705 (1986) ("Expressions of opinion are generally accorded absolute immunity from liability under the First Amendment.")). Plaintiff's own brief concedes that Counsel's statements represented his opinion. Doc. 17, p. 6 ("opinion statements such as those made by Defendant"). And a review of the language used and the context, see Vail v. Plain Dealer Publishing Co., 72 Ohio St.3d 279, 649 N.E.2d 182 (1995), syllabus (factors in determining whether a statement constitutes an opinion), confirms that Disciplinary Counsel was expressing his opinion regarding Adams's conduct. Disciplinary Counsel framed his statements in opinion-based language, stating that Adams's conduct "warrants our concern," "towed the line," "reflected poorly," was "suspect," and was not "consistent" with professional standards. He advised Adams as to what conduct "would have prudent." Compl., Ex. E.

Plaintiff's defamation claim fares no better regarding the alleged disclosure of the fact that the Disciplinary Counsel was investigating him. The complaint alleges that Brown disclosed the existence of an investigation to an attorney, who in turn mentioned the matter in an email to Adams. See Compl., ¶ 58. The complaint is not verified, nor has plaintiff made this allegation upon information and belief. The allegation is entirely speculative and cannot support a defamation claim. See Iqbal, 556 U.S. at 678-79 (the factual allegations must be enough to raise the claimed right to relief above the speculative level and "permit the court to infer more than the mere possibility of misconduct").

Moreover, even if Brown did disclose the existence of an investigation, the content of her communication was truthful. Truth is an absolute defense to a defamation claim. See Shifflet v. Thomson Newspapers (Ohio), Inc., 69 Ohio St.2d 179, 183, 431 N.E.2d 1014, 1017 (1982) (citing O.R.C. § 2739.02 ). According to the complaint and the exhibits attached to it, Disciplinary Counsel did in fact undertake an investigation of Adams. Regardless of whether Adams waived confidentiality, Brown's alleged disclosure was truthful and cannot constitute defamation.

4

    **C.    State Law Claims**

The court lacks supplemental jurisdiction over plaintiff's state law claims against defendants in their individual capacity. Ohio law confers immunity on state officers and employees. See O.R.C. § 9.86. A claim under state law that a state employee's conduct was outside the scope of his official duties must be heard first by the Ohio Court of Claims:

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

O.R.C. § 2743.02(F). Thus, the Sixth Circuit has repeatedly held that federal courts lack subject matter jurisdiction to hear state law claims against state employees where those claims were not first brought before the Ohio Court of Claims. See e.g., McCormick v. Miami Univ., 693 F.3d 654, 664-65 (6th Cir. 2012).

**IV.    Conclusion**

Accordingly, defendants' motions to dismiss (docs. 8 and 16) are GRANTED. The Clerk shall enter judgment for the defendants.

                                            s/ James L. Graham  
                                            JAMES L. GRAHAM  
                                            United States District Judge

DATE: January 22, 2015